UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:20-cv-10087-KMM

VALENTIN SPATARU

      Plaintiff,
v.

FEDERAL AVIATION ADMINISTRATION,

      Defendant.
                                                 /

## **ORDER**

THIS CAUSE came before the Court upon *pro se* Plaintiff Valentin Spataru's ("Plaintiff") Motion for Leave to Proceed In Forma Pauperis. ("Mot.") (ECF No. 3). On July 29, 2020, Plaintiff filed a Complaint against the Federal Aviation Administration ("FAA"). ("Compl.") (ECF No. 1). On the same day, Plaintiff filed the instant Motion. Therefore, the screening provisions of 28 U.S.C. § 1915(e) apply.

The basis of Plaintiff's Complaint is that he was injured when a helicopter illegally flew too close to his sailboat, causing him mental distress. Compl. at 3. Moreover, Plaintiff alleges that the next morning, due to the mental distress, Plaintiff fell and physically injured himself. *Id.* Plaintiff is suing the FAA because Plaintiff requested that the FAA identify the pilot of the helicopter, which the FAA failed to do. *Id.* at 6. In the Complaint, Plaintiff seeks damages against the FAA for constitutional torts, state law torts, pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12134. *See generally id.* Additionally, Plaintiff requests that the Court order the FAA to investigate this incident. *See generally id.*

Pursuant to 28 U.S.C. § 1915(e), the court is permitted to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. A *pro se* litigant is entitled to the court's liberal construction of the complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even under the liberal construction afforded to *pro se* litigants, the complaint must establish a valid cause of action. *See Petersen v. Smith*, 762 F. App'x 585, 593 (11th Cir. 2019). Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, and courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, the U.S. Supreme Court has instructed that § 1915 provides a court "not only with the authority to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 119, 327 (1989). Factual allegations that are "fanciful," "fantastic" and "delusional'" are considered clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

The United States and its agencies are immune from suit except upon waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Rykers v. Alford*, 832 F.2d 895, 897 (1987). Waiver of the United States' sovereign immunity must be expressly stated by congress and should not be inferred. *In re Custom Contractors, LLC*, 745 F.3d 1342, 1347 (11th Cir. 2014)

(citations omitted).  The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States for certain torts committed by federal employees.  28 U.S.C. § 1346(b).

Under the FTCA, the United States is liable for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674; *see also* § 1346(b).  The FTCA was not intended to create new causes of action; nor was it intended as a means to enforce federal statutory duties.  *See Sellfors v. United States*, 697 F.2d 1362, 1365 (11th Cir. 1983).  Instead, Congress' chief intent in drafting the FTCA was simply to provide redress for ordinary torts recognized by state law.  *See id.*  "Unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim."  *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990)).

Here, dismissal of Plaintiff's Complaint is warranted.  First, the Court does not have jurisdiction to the extent that Plaintiff requests that the Court review the FAA's failure to investigate the pilots.  *See Baltimore Air Transp., Inc.* v. *Jackson*, 419 F. App'x 932, 935–36 (11th Cir. 2011).  Specifically, 28 U.S.C. § 1486(a) vests the circuit courts with exclusive jurisdiction to review the final orders of the FAA.  *Id.*  And, the Eleventh Circuit has held that the exclusive jurisdiction of the courts of appeal includes the FAA's inaction, such as a failure to investigate, because inaction might affect the future adjudicative power of the circuit court.  *See id.*; *George Kabeller, Inc. v. Busey*, 999 F.2d 1417, 1422 (11th Cir. 1983).  As such, the Court does not have subject matter jurisdiction over Plaintiff's request that the Court order the FAA to investigate this incident.

Second, a district court does not have jurisdiction over a claim for damages that is "inescapably intertwined with a review of the procedures and merits surrounding the FAA's

orders." *See Baltimore Air Transp., Inc.*, 419 F. App'x at 935–36.  And, Plaintiff's claim for damages seeks judicial review of the FAA's failure to investigate, which the Court does not have jurisdiction to consider.  *See id.*

Nevertheless, Plaintiff fails to state a claim for damages.  First, Plaintiff may not bring a claim for damages for a constitutional tort against the FAA.  *See McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986) (federal constitutional torts are not within the scope of the FTCA); *Gonzales-Corrales v. I.C.E.*, 522 F. App'x 619, 623 (11th Cir. 2013) ("[A] plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity.").  Second, Plaintiff fails to state a claim under Title II of the ADA because Title II of the ADA is inapplicable to the federal government.  *See Hunt v. Warden*, 748 F. App'x 894, 898–99 (11th Cir. 2018) (citations omitted).

Third, Plaintiff fails to state a claim against the FAA for his state law claims—negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.  Specifically, Plaintiff alleges that the FAA is jointly liable with the pilots for his injuries.  Compl. at 9.  Multiple tortfeasors may be held jointly and severally liable under Florida law "when the tortfeasors, acting in concert or through independent acts, produce a single injury." *Acadia Partners, L.P. v. Tompkins*, 759 So. 2d 732, 736 (Fla. Dist. Ct. App. 2000); *see also Merrill Crossings Assocs. v. McDonald*, 705 So. 2d 560, 560–62 (Fla. 1997) (holding the doctrine of joint and several liability applies to intentional torts).  Here, Plaintiff does not allege that the FAA acted in concert with the pilots to cause his injuries.  Compl. at 9.  Rather, Plaintiff merely alleges that the FAA failed to investigate or identify the pilots after the incident occurred.  *Id.*  As such, Plaintiff fails to allege that the FAA is jointly liable for his injuries.  *See Acadia Partners, L.P.*, 759 So. 2d at 736.

Fourth, Plaintiff fails to state a claim under the RICO Act. One of the elements of a RICO violation is a pattern of racketeering activity. *See Crawford's Auto Center, Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1158 (11th Cir. 2019) (citations omitted). To establish a pattern of racketeering activity, a plaintiff must allege at least two qualifying predicate acts, each of which must constitute a violation of one of the state or federal laws described in 18 U.S.C. § 1961(1). *See id.* And, Plaintiff does not allege any predicate criminal activity as set forth in § 1961.

Accordingly, UPON CONSIDERATION of the Motion, the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE and the Motion to Proceed In Forma Pauperis (ECF No. 3) is DENIED AS MOOT. The Clerk of the Court is instructed to CLOSE this case. All pending motions, if any, are denied as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of August, 2020.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:   Plaintiff, *pro se*